LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
GIAN FRANCO VILLALTA, on behalf of himself and           Docket No.:
all other similarly situated persons,

                       Plaintiffs,           *Collective and Class Action*
   -against-

BREAKAWAY COURIER CORPORATION and
AMAZON.COM, LLC,

                       Defendants.
----------------------------------------------------------------------X

## COMPLAINT

Plaintiff, GIAN FRANCO VILLALTA ("Plaintiff"), by and through his counsel, Law Office of Peter A. Romero PLLC, on behalf of himself and all others similarly situated, as and for his Complaint against Defendants, AMAZON.COM, LLC ("AMAZON.COM") and BREAKAWAY COURIER CORPORATION "BREAKAWAY") (collectively "Defendants"), alleges as follows:

### INTRODUCTION

1. Amazon.com relies on non-unionized local contractors like Breakaway to deliver merchandise to Amazon.com customers. Plaintiff and similarly situated delivery drivers report each morning to an Amazon.com distribution centers in New York and New Jersey where their vans are loaded with Amazon.com merchandise. They deliver 200 to 300 packages per day

1

without a meal break and are required to work 50 to 70 hours per week without overtime pay. The drivers are trained by Amazon.com personnel, are subject to standards imposed by Amazon.com, wear a uniform bearing the Amazon.com logo, and must debrief Amazon.com personnel at the end of each shift. Amazon.com and Breakaway have been associated with and/or related to each other with respect to Plaintiff and other similarly situated employees such that they are a "joint employer" of Plaintiff and other similarly situated employees.

## NATURE OF THE ACTION

2. Plaintiff brings this action, on behalf of himself and other employees similarly situated, against Defendants to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. Plaintiff seeks, for himself and similarly situated employees, unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

3. Plaintiff also bring this action, on behalf of himself and similarly situated employees, to remedy violations of New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL") and the New Jersey State Wage and Hour Law ("NJSWHL"), N.J. Stat. Ann. 34:11-56a, et seq. Plaintiffs seek unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees, and all other appropriate legal and equitable relief pursuant to the NYLL and NJSWHL.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331.

5. Jurisdiction over Plaintiff's state law claims is invoked under 28 U.S.C. §1367.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because at least one of the Defendants maintain offices within this judicial district and the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7. Plaintiff resides in the County of Nassau, State of New York.

8. Defendant Breakaway is a domestic business corporation organized under the laws of the State of New York.

9. Defendant Breakaway is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), has had two (2) or more employees who have handled goods that moved in interstate commerce, and was an "employer" within the meaning of the FLSA, NYLL and NJSWHL.

10. Defendant Amazon.com is a corporation organized under the laws of the State of Delaware.

11. Defendant Amazon.com is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), has had two (2) or more employees who have handled goods that moved in interstate commerce, and was an "employer" within the meaning of the FLSA, NYLL and NJSWHL.

## FACTUAL ALLEGATIONS

12. Defendant Breakaway operates a courier and logistics business that, among other activities, delivers goods for Amazon.com customers in New York and New Jersey. Breakaway's website emphasizes its ability to provide "same-day-delivery" for e-commerce sites, such as Amazon.com, that "need a pick-up and delivery service that can turn around on a dime."

13. Plaintiff and similarly situated employees worked for Defendants delivering items purchased from Aamazon.com to the customers who purchased said items. Plaintiff was employed by Defendants from August 2016 to March 2017.

14. Upon hire, Plaintiff and similarly situated employees received training from Amazon.com personnel and became subject to standards imposed by Amazon.com

15. Each morning, Plaintiff and similarly situated employees report to an Amazon.com distribution center, where their vans are loaded with Amazon.com merchandise. Plaintiff and other similarly situated employees begin work each day at 6:20 a.m.

16. Plaintiff and other similarly situated employees wear a uniform bearing the Amazon.com logo.

17. Plaintiff and other similarly situated employees deliver between 250 and 300 packages per day, making more than 200 stops each day.

18. There is no fixed time at which Plaintiff and Class Members finish work each day, since the number and location of deliveries vary each day, as does the time required to complete the deliveries. Plaintiff and other similarly situated employees worked 10 to 12 hours each day without a meal break, and sometimes longer.

19. At the end of each shift, Plaintiff and similarly situated employees must debrief Amazon.com personnel regarding the deliveries they made.

20. During the course of their employment, Plaintiff and other similarly situated employees worked in excess of forty hours per week.

21. By way of example only, in the pay period ending October 7, 2016, Plaintiff worked 70.84 hours; in the pay period ending October 14, 2016, Plaintiff worked 77.61 hours; and in the pay period ending October 21, 2016, Plaintiff worked 63.73 hours.

22. Defendants paid Plaintiff and other similarly situated employees under a flat-rate wage scheme.

23. Defendants failed to pay Plaintiff and other similarly situated employees the overtime premium of one and one-half times their regular rate of pay for all time worked in excess of forty hours per week.

24. Defendants' failure to pay Plaintiff and other similarly situated employees at the required overtime rate was willful.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

26. Upon information and belief, there are other current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

27. Plaintiff seeks to proceed as a Collective Action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

> All persons who are currently, or have been employed by the Defendants as delivery drivers in New York and New Jersey at any time during the three (3) years prior to the filing of their respective consent forms.

28. Other delivery drivers currently or formerly employed by Defendants should have the opportunity to have their claims for violation of the FLSA heard. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

29. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

30. Plaintiff will seek to certification of the state law claims arising under the NYLL and NJSWHL for overtime wages under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as delivery drivers in New York at any time during the six (6) years prior to the filing of this Complaint and all persons who are currently, or have been, employed by the Defendants as delivery drivers in New Jersey at any time during the two (2) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

31. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses

are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

32. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as delivery drivers during the class period.

33. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants jointly employed Plaintiff and the Class;

(b) Whether Plaintiff and the Class were exempted from the overtime provisions of the NYLL and NJSWHL;

(c) Whether Plaintiff and members of the Class worked in excess of forty hours in individual work weeks during the Class period;

(d) Whether Defendants failed to pay Plaintiff and the Class at time and one-half their regular rate of pay for all time worked in excess of forty hours per individual workweek during the class period;

(e) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class overtime wages was done willfully and/or with reckless disregard of the federal and state wage and hour laws;

(f) Whether Defendants failed to furnish the Plaintiff and Class members upon their hire with written notice of their pay rates, as required by law; and

(g) What is the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

35. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to pay Plaintiff and the Class overtime wages for hours they worked in excess of forty (40) hours per week.

36. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

37. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

38. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

39. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual employees may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendant.

40. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The

adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

41. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

42. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT)**

43. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate in violation of the FLSA.

45. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

46. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

47. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW)

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and similarly situated employees for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate in violation of the NYLL.

50. By Defendants' failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the NYLL Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

51. Defendants' violations of the NYLL, as described in this Complaint have been willful and intentional.

52. Due to Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

# THIRD CLAIM FOR RELIEF
## (NEW JERSEY WAGE AND HOUR LAW)

53. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and similarly situated employees for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate in violation of the NJSWHL.

55. Defendants' violations of the NJSWHL have been willful and intentional.

56. Due to Defendants' violations of the NJSWHL, Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages and reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of this case as a collective action pursuant to 29 U.S.C. §216(b);

(ii.) Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(iii.) Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

11

(iv.) Certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(v.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL;

(vi.) Unpaid overtime wages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(vii.) Unpaid overtime wages pursuant to NJSWHL;

(viii) All attorneys' fees and costs incurred in prosecuting these claims; and

(ix) Such other relief as this Court deems just and proper.

Dated: Babylon, New York
March 30, 2017

LAW OFFICE OF PETER A. ROMERO PLLC

By: /s/ Peter A. Romero
Peter A. Romero, Esq.
103 Cooper Street
Babylon, NY 11702
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf and on behalf of all other persons similarly situated against Breakaway Courier Corporation to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____        _____03/29/17_____
Gian Franco Villalta                                            Date